UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
:
JOSEPH PELL LOMBARDI d/b/a, JOSEPH PELL :
LOMBARDI & ASSOCIATES, ARCHITECTS,  :
:
               Plaintiff,  :
:
   - against -  :
:
WHITEHALL XII/HUBERT STREET, LLC,  :
BKSK ARCHITECTS, L.L.P, PAVARINI  :
MCGOVERN, L.L.C., JOHN DOE and ABC  :
COMPANY,  :
               Defendants.  :
:
-------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: JAN 2 2 2007

04 Civ. 6752 (PAC)

OPINION
AND ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Joseph Pell Lombardi d/b/a Joseph Pell Lombardi & Associates moves pursuant to Federal Rule of Civil Procedure 15(a) for leave to amend the Complaint to add two additional defendants, Whitehall Street Real Estate Limited Partnership XII and WH Advisors, L.L.C., XII (the "Proposed Defendants"). Defendants Whitehall XII/Hubert Street, L.L.C. ("WXII") and Pavarini McGovern, L.L.C. oppose the motion.

Leave to amend a complaint "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a). Nevertheless, the Court has discretion to deny leave to amend if necessary to prevent undue delay or prejudice, or if the amendment would be futile. See Monahan v. New York City Dept. of Corrections, 214 F.3d 275, 283 (2d Cir. 2000). As to delay, this motion was timely filed prior to the Court's deadline for joining additional parties. Moreover, Defendants have failed to show that adding the Proposed

1

Defendants will be unfairly prejudicial, especially given that the end of fact discovery in this matter is not scheduled for completion until April 2, 2007.

"An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente v. IBM, 310 F.3d 243, 258 (2d Cir. 2002). Here, Plaintiff's amended allegations set forth a valid claim that the Proposed Defendants infringed Plaintiff's architectural copyright. That the allegations do not include the specific theory of liability and the underlying facts on which Plaintiff ultimately will rely is not grounds for dismissal under Rule 12(b)(6). The sole authority to the contrary cited by Defendants, Ruffolo v. Oppenheimer & Co., 987 F.2d 129 (2d Cir. 1993 is a fraud case applying the Rule 9(b) pleading requirement that "the circumstances constituting fraud...be stated with particularity." Ruffolo, 987 at 131 (quoting Fed. R. Civ. P. 9(b)). As there is no such particularity requirement for pleading a claim of copyright infringement, Ruffolo is inapposite. Defendants' alternative argument based on Fed. R. Civ. P. 11 is without support, and is at variance with the "claims pleading" permitted by the Federal Rules.

Plaintiff's motion to amend the Complaint is therefore GRANTED, and the Clerk of the Court is directed to close out the motion.

Dated: New York, New York
January 19, 2007

SO ORDERED

PAUL A. CROTTY
United States District Judge