UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                        :

JOSEPH PELL LOMBARDI d/b/a, JOSEPH PELL :
LOMBARDI & ASSOCIATES, ARCHITECTS,    :
                                          :

                Plaintiff,             :      04 Civ. 6752 (PAC)
                                          :

     - against -                    :      <u>ORDER</u>
                                          :

WHITEHALL XII/HUBERT STREET, LLC,    :
WHITEHALL STREET REAL ESTATE LIMITED:
PARTNERSHIP XII, WH ADVISORS, L.L.C.,    :
XII, BKSK ARCHITECTS, L.L.P, PAVARINI    :
MCGOVERN, L.L.C., JOHN DOE, and ABC    :
COMPANY,                            :
                  Defendants.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

      HONORABLE PAUL A. CROTTY, United States District Judge:

      Plaintiff Joseph Pell Lombardi d/b/a Joseph Pell Lombardi & Associates moves

this Court to compel Defendants Whitehall XII/Hubert Street, LLC, Whitehall Street Real

Estate Limited Partnership XII, and WH Advisors, L.L.C., XII (collectively, "Whitehall")

to produce certain documents and provide testimony purportedly protected by the

attorney-client privilege. Fed. R. Civ. P. 26 & 37.  Plaintiff argues that, by raising the

affirmative defense of equitable estoppel in this copyright infringement action, Whitehall

has placed at issue the information and advice obtained from its transactional counsel

regarding the legal rights they were acquiring to Plaintiff's architectural plans.  Whitehall

responds that none of its claims or defenses rely upon advice of counsel.  At oral

argument on May 2, 2008, the parties consented to an <u>in camera</u> review of the documents

listed on (1) the Privilege Log of WXII/Hubert Street, L.L.C. and (2) the Privilege Log of

Stephen E. Estroff, Esq.

A party may waive the attorney-client privilege by asserting a claim or defense that in fairness requires examination of protected information, thereby placing such information "at issue." See United States v. Bilzerian, 926 F.2d 1285, 1292 (2d Cir. 1991); see also In re Kidder Peabody Sec. Litig., 168 F.R.D. 459, 470 (S.D.N.Y. 1996) (noting that broad scope of the waiver doctrine includes potential claims and defenses beyond "advice of counsel"). To prevail on an equitable estoppel defense to a copyright infringement claim, a defendant must prove, inter alia, that it was "ignorant of the true facts"—i.e., its alleged non-entitlement to use the copyrighted work. See Scime v. Bowen, 822 F.2d 7, 8 n.1 (2d Cir. 1987); Encyclopedia Brown Prod., Ltd. v. Home Box Office, Inc., No. 91 Civ. 4092 (PKL), 1998 WL 734355, *13 (S.D.N.Y. Oct. 15, 1998).

After reviewing the documents at issue, the Court concludes that privileged communications from Whitehall's counsel may bear on Whitehall's knowledge or lack thereof regarding the copyright-protected status of the Lombardi plans. Accordingly, fairness dictates that Whitehall produce the following documents stipulated on the Privilege Log of Stephen E. Estroff, Esq.: ## 21, 22, 23, 24, 30, 44, 46, 49, 53, 54, 58, 60, 62, 67, 69, 73, 105.

The Court also instructs that the depositions of Jerome Karr and Stephen Estroff be reopened but limited to such questioning as is fairly raised by the production ordered herein concerning Whitehall's knowledge, understanding, and good faith regarding the rights to the Lombardi plans, the terms in the purchase agreement related to the Plans, and the risks of a copyright lawsuit.

Plaintiff's motion to compel production is therefore GRANTED as set forth

herein. The Clerk of the Court is directed to close out this motion.

Dated:     New York, New York
           June 26, 2008

                                    SO ORDERED

                                    PAUL A. CROTTY
                                    United States District Judge